## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## MOM CA INVESTCO LLC (25-10321)

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], 837 Park Avenue, LLC [3229], and Terra Laguna Beach, Inc. [2344] (interim). The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On February 28, 2025 (the "Investco Petition Date"), Debtor MOM CA Investco LLC ("MOM CA"), Debtor MOM AS Investco LLC ("MOM AS"), and Debtor MOM BS Investco LLC ("MOM BS," and collectively with MOM CA and MOM AS, the "MOM Investcos") each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The MOM Investcos were founded in June of 2021 for the purpose of managing a robust real estate investment portfolio.

Each of the MOM Investcos owns a number of subsidiary special purpose entities (each an "SPE"), which each own and hold a separate investment property. Collectively, the MOM Investcos have ownership interests in roughly sixty (60) SPEs for properties primarily in southern California. Each of the MOM Investcos holds one-hundred percent (100%) of the ownership interests for each of their respective SPEs. Not all of the SPEs have or will file bankruptcy and there is a dispute as to whether certain SPEs belong to the enterprise.

On March 10, 2025 and March 31, 2025, as applicable (the "SPE Petition Dates," and together with the Investco Petition Date, the "Petition Date," as applicable), twenty of the SPEs (collectively, the "SPE Debtors")[2] each filed a voluntary petition for relief pursuant to chapter 11

---

[1]    The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], 837 Park Avenue, LLC [3229] and Terra Laguna Beach Inc. [2344] (interim). The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2]    The "SPE Debtors" are: Retreat at Laguna Villas, LLC; Sunset Cove Villas, LLC; Duplex at Sleepy Hollow, LLC; Cliff Drive Properties DE, LLC; 694 NCH Apartments, LLC; Heisler Laguna, LLC; Laguna Festival Center, LLC; 891 Laguna Canyon Road, LLC; 777 AT Laguna, LLC; Laguna Art District Complex, LLC; Tesoro Redlands DE, LLC; Aryabhata Group LLC; Hotel Laguna, LLC; 4110 West 3rd Street DE, LLC; 314 S. Harvard

of the Bankruptcy Code.  These Chapter 11 Cases are jointly administered pursuant to Bankruptcy Rule 1015(b).  *See* Docket Nos. 56 and 220.

The Schedules of Assets and Liabilities (the "Schedules" or "SOALs") and Statements of Financial Affairs (the "Statements" or "SOFAs") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtors in conjunction with their financial and legal advisors using unaudited information available as of the time or preparation.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") comprise an integral part of each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets and should be referred to in connection with any review of the Schedules and Statements.  These Global Notes are in addition to any specific notes contained in any individual Debtor's Schedules or Statements.[3]  Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**THE SCHEDULES AND STATEMENTS AND THESE GLOBAL NOTES SHOULD NOT BE RELIED UPON BY ANY PERSONS FOR INFORMATION RELATING TO CURRENT OR FUTURE FINANCIAL CONDITIONS, EVENTS, OR PERFORMANCE OF ANY OF THE DEBTORS.**

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy of completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputations, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

---

DE, LLC; Laguna, HI, LLC; Laguna HW, LLC; The Masters Building, LLC; 837 Park Avenue, LLC, and Terra Laguna Beach, Inc. (interim).

[3]  These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

## Global Notes and Overview of Methodology

**Reservation of Rights**.  The Debtors' Chapter 11 Cases are large and complex.  The Debtors and their legal and financial advisors have made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.  Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred.  Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate and/or complete.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time as is necessary and appropriate.[4]

The Debtors have made reasonable efforts to characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly.  Further, certain affiliated companies of the Debtors did not file petitions in the Bankruptcy Court of this or any other relevant jurisdiction in the United States (each individually a "Non-Debtor Affiliate").  The Debtors have made reasonable efforts to exclude all assets and liabilities of the Non-Debtor Affiliates from the Schedules and Statements.

Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available.  In addition, certain items reported in the Schedules and Statements could be included in more than one category.  In those instances, one category has been chosen to avoid duplication.  The designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.  Furthermore, as further detailed below, some claims and executory contracts included with the Schedules may not be claims against or contracts with the Debtors, and the Debtors reserve all their rights with respect thereto.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E/F as "priority unsecured" or "nonpriority unsecured," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant and/or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract.  Failure to

---

[4]     The books and records relied on to prepare the Schedules and Statements may be partially incomplete due to, among other things, the ownership dispute that resulted in the filing of these Chapter 11 Cases.  Additionally, there have been reports that, among other things, the purported owners have been diverting rents and other funds from the Debtors' estates.  An investigation is being conducted and the Schedules and Statements may be amended or supplemented upon further information and/or turnover of the Debtors' property.

designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection. The Debtors reserve their respective rights to dispute, or assert offsets, setoffs, or defenses to any claim reflected on the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, and/or unliquidated.

**Reporting Date**. All asset and liability information, except where otherwise noted, is provided as of the close of business on the Petition Date (which occurred prior to the filing of the Petitions).

**Basis of Presentation**. The Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis as they exist in the Debtors' books and records. Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the Company for reporting purposes or otherwise.

The Debtors do not prepare financial statements in accordance with Generally Accepted Accounting Principles in the United States ("GAAP").

**Currency**. All amounts are reflected in U.S. dollars, unless otherwise indicated.

**Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenue and expense. Actual results could differ materially from these estimates. The Debtors reserve the right to amend the reported amounts of assets, liabilities, and expenses to reflect changes in those estimates or assumptions.

**Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed totals. Due to the numerous unliquidated, contingent, and/or disputed claims, summary statistics in the Schedules and Statements may materially understate the Debtor's liabilities.

**Undetermined or Unknown Amounts**. The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount. Certain amounts may be clarified during the course of the Chapter 11 Cases, and certain amounts may depend on contractual obligations to be assumed as part of a sale in a bankruptcy proceeding under section 363 of the Bankruptcy Code.

**Previous Ownership and Recordkeeping**. Additional factual background regarding the Debtors is set forth in the *Declaration of Mark Shinderman in Support of Petitions and First Day Motions* [Docket Nos. 11 & 152] (as amended, the "First Day Declaration"), which is incorporated herein by reference.

**Description of Debtors' Business**.  The Debtors constitute a real estate venture comprised of a portfolio of commercial and residential properties owned by the Debtors (the "Properties").  The Properties that make up the portfolio include hotels, an apartment complex, office buildings, other commercial real estate, and individual homes used as luxury vacation rentals.

Prior to the formation of the MOM Investcos, Continuum Analytics ("Continuum"), of which Mahender Makhijani ("Makhijani") is an employee, and 4G Wireless, Inc. ("4G Wireless"), through Mohammad Honarkar ("Honarkar"), documented their preliminary understanding regarding the material terms of the joint venture in a term sheet, dated May 24, 2021 (the "Term Sheet").

On or about June 8, 2021, the MOM Investcos were founded pursuant to their respective operating agreements (collectively, the "Operating Agreements").  Pursuant to the Operating Agreements, Honarkar and 4G Wireless contributed the portfolio of SPEs to the MOM Investcos.  The Operating Agreements provide that the MOM Managers would contribute $30 million to the MOM Investcos for certain projects related to the SPEs.  There is an ongoing dispute about whether the Operating Agreements were properly entered into.

**Excluded Assets and Liabilities**.  The Debtors may have excluded from the Schedules certain of the following items, which may be included in their financial statements: certain accrued liabilities, including, without limitation, capitalized interest, debt acquisition costs, goodwill, certain other assets, and deferred revenue and gains.  Other non-material assets and liabilities may also have been excluded.

Exclusion of certain intellectual property from the Schedules and Statements should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property rights in the Schedules and Statements should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

**Confidentiality**.  In certain instances, in the Schedules and Statements, the Debtors have deemed it necessary and appropriate to redact from the public record addresses of hotel guests, as well as the names and addresses of individual tenants, because of concerns for the privacy of, or otherwise to preserve the confidentiality of, personally identifiable information, pursuant to *Order Authorizing Redaction of Certain Personal Identifying Information in the Consolidated List of Creditors and Other Filings* [Docket No. 57].  Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

**Bankruptcy Court First-Day Orders**.  The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, any prepetition amounts related to the Debtor's insurance policies, certain trade claims, and certain prepetition wages.  Accordingly, the scheduled claims are intended to reflect only sums due and owing before the Petition Date for which the Debtors did not obtain relief from the

Bankruptcy Court to satisfy in whole or in part.  The estimate of claims set forth in the Schedules, however, may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**Liens**.  The inclusion on Schedule D of creditors that have asserted liens against the Debtors is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right, to the extent that the Debtors have not elsewhere waived this right, to challenge such liens and the underlying claims on any ground whatsoever.  Reference to the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same.  Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors.  It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

**Leases**.  In the ordinary course of their businesses, the Debtors may lease facilities, equipment, and vehicles from certain third-party lessors for use in their daily operations.  Any such leases are set forth in Schedule G, and the assets subject to these leases are reflected in Schedule A/B.  The properties subject to these leases are not reflected in the Statements as property or assets of third parties within the control of a Debtor.  Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights.  The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule EF of the Schedules.

**Executory Contracts**.  Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract.  The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.  Exclusion of a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is not an executory contract, such lease is not an unexpired lease, or that either necessarily is not a binding, valid, and enforceable contract.

**Setoff**.  Prior to the Petition Date, and in the ordinary course of their businesses, the Debtors incurred consensual setoffs in connection with, among other things, intercompany and third-party transactions.  Unless otherwise stated, certain setoffs that were incurred in the ordinary course or under customary practices are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules A/B, D or E/F.  Nonetheless, some amounts listed

may have been affected by setoffs effectuated prior to the Petition Date of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

**Guarantees and Other Secondary Liability Claims**. The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees. The Debtors have placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guarantees were also placed on Schedule D or E/F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G. Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

**Intercompany Claims and Transfers.** The Debtors maintain business relationships with each other, conducting transactions from time to time that result in intercompany receivables and payables and/or are on account of capital contributions, equity investments, intercompany loans, or distributions on account of equity investments. Known prepetition receivables and payables among and between the Debtors are reported on Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records. In certain instances, intercompany accounts may not have been reconciled and therefore the values are unknown and are listed as such. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

**Payments**. The financial affairs and businesses of the Debtors are complex. Before the Petition Date, the Debtors and certain of their Non-Debtor Affiliates participated in a consolidated cash management system. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system. A description of the Debtors' prepetition cash management system is set forth in the *Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To (A) Continue To Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Perform Intercompany Transactions, and (D) Maintain Existing Business Forms; (II) Authorizing The Debtors' Banks To Honor All Related Payment Requests; And (III) Granting Related Relief* [Docket No. 10] (the "Cash Management Motion"). The Debtors have used their reasonable best efforts to attribute each payment to the Debtor which made the payment.

**Insiders**. For purposes of the Schedules and Statements, the Debtors defined "insiders" as such term is defined in section 101(31) of the Bankruptcy Code. Persons and entities listed as "insiders" have been included for informational purposes only and the inclusion of them in the

Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of such insider; (c) the decision-making or corporate authority of such insider; or (d) whether such insider could successfully argue that he or she is not an "insider" under applicable law, including federal securities laws, or with respect to any theories of liability or for any other purpose.

**Signatory**. The Schedules and Statements have been signed by Mark Shinderman, in his capacity as Chief Restructuring Officer of the Debtors. In reviewing and signing the Schedules and Statements, he has necessarily relied upon the efforts, statements, and representations of various of the Debtors' professionals and property managers[5]. He has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

**Limitation of Liability**. The Debtors and their officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

In addition to the foregoing, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

### Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- *General*. Each Debtor's assets in Schedule A/B are listed at net book value based on the Debtors' reasonable best efforts as of the Petition Date unless otherwise noted and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date. Although the Debtors have made reasonable efforts to identify assets and liabilities on the Schedules and Statements of the appropriate Debtor, there can be no assurance that the correct Debtor entity has been identified as the owner of certain assets or the liable party, as the case may be.

---

[5]    Including Vierergruppe Management, Inc., Everyday Luxury Inc., and Debtor employees

- Checking, Savings, or Other Accounts (AB3).  Certain of the SPE Debtors have bank accounts in their name that are controlled by the property managers for various operational needs of the properties.  The Debtors do not control payments made from this account; however, out of an abundance of caution, the Debtors have included the balance of these accounts as of the Petition Date in response to SOAL AB3.

- Accounts Receivable (AB11).  For each of the SPE Debtors, accounts receivable aged more than 90 days exclusively relate to unpaid rent amounts from Properties which the SPE Debtors control.  These amounts are assumed to be fully collectible.

- Non-publicly traded stock (AB15).  Ownership interests in other Debtor subsidiaries and Non-Debtor Affiliates have been identified in AB15 in an undetermined amount because the fair market value of such ownership interest is dependent on numerous variables and factors that may cause their fair market value to differ materially from their net book value.

- Inventory Purchased within 20 days (AB25).  The Debtors have made reasonable efforts to identify or estimate all inventory included in AB22 that was purchased within the 20 days preceding the Petition Date; however, it is possible that inadvertent errors or omissions may have occurred in calculating these amounts.

- Office Furniture, Fixtures and Equipment (AB38 thru AB45).  As of the current date, subledger-type information regarding the furniture, fixtures, and equipment have not been identified.  The Debtors have included all furniture, fixtures, and equipment in their responses to questions AB39 to AB41.  While the Debtors may display artwork at their hotel properties or as decoration in hotel rooms, this artwork is of de minimis value and is not included in response to question AB42.  After a reasonable effort, the Debtors have not been able to identify collectibles, and other memorabilia; however, it is possible that inadvertent errors or omissions may have occurred, or that other property of de minimis value is not included in response to this question.  Although not reflected in their response, the Debtors have indicated that there are certain artist owned artwork that is displayed and for sale at one of their hotel properties with an estimated value of approximately $30,000.00.

- Real Property (AB54 thru AB58).  At various times, the MOM Investcos received appraisal reports for certain of the properties owned by the Debtors; however, given the age of the appraisal reports as well as the uncertain impact of these Chapter 11 Cases, the Debtors have listed the value of the real property as "Undetermined" in response to AB55.  The Debtors are currently seeking brokers' opinions of value and, in some cases, updated appraisals for its real property.

## Schedule D Notes.

- Creditors' claims on Schedule D arose, or were incurred, on various dates.  In certain instances, the date on which such claim arose may be an open issue of fact.

- Except as otherwise agreed in accordance with any stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim scheduled on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or other entities.

- The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and secured notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule D. The amounts outstanding under the Debtors' prepetition secured credit facilities and secured notes reflect approximate amounts as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

**<u>Schedule E/F Notes</u>**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date. However, the actual amount of claims against the Debtors may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F were incurred or arose, some claims represent an aggregation of multiple invoices. Fixing that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have made their best effort to identify the date the liability was incurred, but in some cases of an aggregated claim amount, may have indicated "various", and in other cases, may not have listed a date for each claim listed on Schedule E/F.

- Claims listed on the Debtors' Schedule E/F include claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E/F. Therefore, the Debtors have listed estimated claim amounts, where possible, or alternatively listed such claims as undetermined in amount and marked the claims as unliquidated, pending final resolution of ongoing audits or other outstanding issues. The Debtors reserve their right to dispute or challenge whether such claims are entitled to priority.

- The listing of any priority claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve the right to take the position that any claim listed on Schedule E/F is not entitled to priority.

- The Bankruptcy Court approved the payment of certain non-priority unsecured claims against the Debtors including, any prepetition amounts related to the Debtor's insurance policies as well as any amounts owing to certain trade vendors. While the Debtors have made every effort to reflect the current obligations as of the Petition Date net of postpetition adjustments for additional invoices received or payments issued on Schedule E/F, certain payments made, and certain invoices received, after the Petition Date may not be accounted for in Schedule E/F. To the extent the Debtors have paid or pay any of the Claims listed in the Schedules and Statements pursuant to any order entered by the Bankruptcy Court, the Debtors reserve all of their rights to take any action as is necessary or appropriate to avoid overpayments of or duplicate payments for any such liabilities.

- Schedule E/F also contains information regarding pending litigation involving the Debtors. However, certain omissions may have occurred. The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future. Likewise, the omission of any pending litigation does not constitute a waiver of any claims which the Debtors may have.

- All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. Specific disclosure regarding asserted or potential litigation-

related claims may be subject to certain disclosure restrictions and/or may be of a peculiarly personal and private nature. The Debtors continue to research any possible restrictions with respect to disclosure of asserted or potential litigation-related claims. The Debtors will amend or supplement these Schedules and Statements as necessary or appropriate in this regard.

- Schedule E/F does not include certain deferred liabilities, accruals, or general reserves. Such amounts are general estimates and do not represent specific claims as of the Petition Date for each respective Debtor.

- As of the filing of the Schedules and Statements, the Debtors may have not received all invoices for payables, expenses, or liabilities that may have accrued as to the Debtors before the Petition Date. Accordingly, the information contained in Schedules E/F may be incomplete. The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices. The Debtors reserve all of their rights concerning credits or allowances.

**Schedule G Notes**.

- The businesses of the Debtors are complex. While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease or that it is or is not a binding, valid, and enforceable contract. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement, or lease.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge

whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

## Schedule H Notes.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because all such claims are "contingent," "unliquidated," or "disputed," such claims have not been set forth individually on Schedule H.

- Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition credit facilities and notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule H.

- Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Further, the Debtors believe that certain of the guarantees reflected on Schedule H may have expired or are no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or are unenforceable.

- Schedule H is furnished for informational purposes only to apprise parties in interest of co-debtor relationships of the Debtors as of the Petition Date and is derived from documents in the possession of the Debtors. It is not an admission or recognition that any co-debtor liability exists or existed.

## Statement of Financial Affairs

**Statement Questions 1 and 2 – Revenue**. Refer to Global Note "Previous Ownership and Recordkeeping" for additional detail about which activities, in which time periods, constituted revenue for the Debtors based on its ownership and operational structure. For purposes of these questions, the Debtors have not included revenue on account of intercompany activity among and between the Debtors and with any Non-Debtor affiliates. Refer to Global Note "Intercompany Claims and Transfers" for further detail. Additionally, the purported owners have been diverting rents and other funds from the Debtors' estates which are not reflected herein and an amendment may be required once the investigation is complete.

**Statement Question 3 – 90 Day Payments.** For the purpose of this question, all payments are listed on the Statement of the Debtor that actually made the payment, irrespective of whether the

payment satisfied an obligation owed by the Debtor or was made on behalf or for the benefit of another Debtor or Non-Debtor Affiliate. The Debtors' Statements do not include any payments made by the property managers on account of Accounts Payable Claims and Advanced Deposit Claims, or an account of any other claims, during the 90-day period prior to the Petition Date.

**Statement Question 4 – Payments to Insiders.**  For the purpose of this question, the Debtors have included all intercompany cash payments.  The Debtors are not aware of other payments made to insiders within one year of the filing of these Chapter 11 Cases but are investigating reports that, among other things, the purported owners have been diverting rents and other funds from the Debtors' estates.  An investigation is being conducted and the Schedules and Statements may be amended or supplemented upon further information and/or turnover of the Debtors' property.

**Statement Question 7 – Legal Actions.**  Certain litigation actions against one Debtor may relate to any of the other Debtors.  The Debtors have made commercially reasonable efforts to identify all current pending litigation involving the Debtors and to record these actions in the Statements of the Debtor that is party to the action.  However, certain omissions may have occurred.  The inclusion of any legal action in this question does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

The MOM Investcos have been parties to contentious arbitration proceedings that have resulted in a partial interim award (the "Arbitration Award").  On October 13, 2023, Honarkar and 4G Wireless (collectively the "Honarkar Parties"), individually and derivatively on behalf of the Debtors, filed an arbitration proceeding (the "Arbitration") against Makhijani, Continuum, the Investor Groups, the MOM Mangers, and Nano (collectively the "Arbitration Defendants").  The MOM Investcos were named as "nominal respondents" in the arbitration proceeding.

It is the Debtor's understanding that the basis of the Arbitration is a dispute over the ownership and management of the SPEs.  The Honarkar Parties alleged numerous causes of action against the Arbitration Defendants regarding the facts surrounding the creation of the MOM Investcos and certain actions taken after their formation.  After an evidentiary hearing, the Arbitration Award was entered.  While the Arbitration Award appears subject to confidentiality provisions in the Operating Agreements, as permitted by the Court, it was filed with the Court.

It is important to note that the Arbitration Award does not have any claims against the Debtors, except for a potential award of attorneys' fees.  In fact, pursuant to the Arbitration Award, it appears that, the MOM Investcos, as derivative claimants, may be entitled to recover compensatory damages to benefit the estates.

In addition to the Arbitration Award, information has been provided that indicates that there are potential claims on behalf of the Debtors.  Accordingly, the Debtors are investigating these potential claims.

For example, it has been represented that some of the tenants of certain SPE Debtors either were not or are not paying rent.  Accordingly, prior to the Petition Date, unlawful detainer actions (the

"Unlawful Detainer Actions") have been filed in the California Superior Court of Orange County (the "Superior Court") on behalf of the SPE Debtors. The Superior Court issued an order requiring certain defendants in the Unlawful Detainer Actions to deposit rents with the Superior Court.

**Statement Question 9 – Gifts and Charitable Contributions.** The Debtors have made commercially reasonable efforts to identify and include all gifts and charitable; however, certain gifts may have been made by the Debtors or on the Debtors' behalf by the property managers that may have been missed. These charitable contributions were reported in response to Statement Question 9.

**Statement Question 11 – Payments Related to Bankruptcy.** During the one year prior to the Petition Date, the Debtors sought assistance from various professionals and have included all payments made to those professionals. The response to Question 11 identifies the Debtor that made a payment in respect of professionals the Debtors have retained or will seek to retain under section 327 and section 363 of the Bankruptcy Code. However, each of the Debtors' professionals is retained by and on behalf of all the Debtors and it is generally not possible for the Debtors to identify with particularity the Debtor or Debtors for whose specific benefit any bankruptcy-related payment may have been made within one year prior to the Petition Date. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications, motions, and related orders. Although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Question 11 may include payments for professional services unrelated to bankruptcy.

**Statement Question 17 – Retirement Plans.** Except with respect Debtor Terra Laguna Beach, Inc. and Laguna HI, LLC, the Debtors currently do not have any employees and operate their Properties using third-party management companies. To the best of the Debtors' knowledge, all ERISA, 401(k), 403(b), or other pension or profit-sharing plans, if they existed, have been terminated or transitioned to other administrators.

**Statement Question 21 – Property Held for Another.** The Debtors have indicated that there are certain artist owned artwork that is displayed and for sale at one of their hotel properties with an estimated value of approximately $30,000.00.

**Statement Question 23 – Environmental Information.** After diligent inquiry, Debtors are not aware of and have not included any environment impacts in response to Statement Question 23. Debtors note the mention in an appraisal of a possible underground storage tank (UST) at one of the properties. However, Debtors are not aware of any investigation to confirm or rule out the existence of any UST. Additionally. the Debtors plan to complete a supplemental site investigation ("SSI") report to assess potential volatile organic compound (VOC) contamination on one of their properties. Based on the results of the report, the Debtors plan to move forward to with the recommended remediation plan.

**Statement Question 25 – Businesses in Which the Debtors Have an Interest.** Given the complexities of the organizational structure of the Debtors, for purposes of Statement Question 25, the Debtors have listed the current and former direct and indirect subsidiaries of each Debtor entity existing at any point during the 6 years prior to the Petition Date. Further, given the previous

management of certain of these legal entities by nonrelated third parties, the response to Statement Question 25 may omit certain information regarding such subsidiaries, including address, nature of business, employer identification number, and the dates on which the business existed.  The Debtors have made commercially reasonable efforts to identify potential businesses in which they may have had an interest through research of the State of Delaware, Department of State: Division of Corporations publicly available database.

**Statement Question 26a – Accountants and Bookkeepers.** Exact dates of the accountants and bookkeepers who maintained the Debtor's books and records within 2 years of filing were not provided.

**Statement Question 26b – Firms and Individuals Who Have Audited the Debtor's Books and Records.** Exact dates of the firms and individuals who audited, compiled or reviewed the Debtor's books and records within 2 years of filing were not provided.

**Statement Question 26d – Recipients of Financial Statements.**  The Debtors have provided financial statements in the ordinary course of business to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date.  Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for purposes of Statement 26d.

**Statement Question 28 and 29 – Current and Former Officer and Directors.**  The Debtors have made reasonable best efforts to list the known current and former officers and directors for each Debtor entity based on a review of existing books and records and other available information, which may not be complete and updated as of the Petition Date.  As such, there may be inadvertent errors or omissions for Statement Questions 28 and 29 due to these limitations.  See Global Note "Insiders" for further detail.

On March 4, 2025, the MOM Investcos executed that certain Independent Manager Agreement (the "Manager Agreement") under which each of the respective MOM Managers delegated all managerial authority over its respective MOM Investco to the Independent Manager.  In addition, as the managing manager of all of the MOM Investcos, the Independent Manager has sole authority and decision-making power under the Operating Agreements to manage not only all aspects of the MOM Investcos, but also the respective SPEs owned by each of the MOM Investcos.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders.**  Refer to Statement Question 4 for this item.

| Fill in this information to identify the case: |
|---|
| **Debtor name: MOM CA Investco LLC** |
| **United States Bankruptcy Court for the: District of Delaware** |
| **Case number: 25-10321** |

☐ **Check if this is an amended filing**

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from Schedule A/B $0.00

1b. **Total personal property:**
Copy line 91A from Schedule A/B $26,330,719.37

1c. **Total of all property:**
Copy line 92 from Schedule A/B $26,330,719.37

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D) $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of Schedule E/F $18,470.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F $17,255,316.00

**4. Total Liabilities**
Lines 2 + 3a + 3b $17,273,786.00

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">Debtor name: MOM CA Investco LLC</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: District of Delaware</td></tr>
<tr><td colspan="2">Case number: 25-10321</td></tr>
</table>

☐ **Check if this is an amended filing**

## Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **2. Cash on hand** | | | |
| 2.1 | | | $0.00 |
| **3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| 3.1 Enterprise Bank & Trust | Checking | 8846 | $295.61 |
| 3.2 Nano Banc | Checking | 4402 | $1,765.76 |
| 3.3 Nano Banc | Checking | 3214 | $55.00 |
| 3.4 Nano Banc | Checking | 3438 | $16,417.00 |
| **4. Other cash equivalents** *(Identify all)* | | | |
| 4.1 | | | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $18,533.37 |
|---|

Debtor    MOM CA Investco LLC
          Name

Case number *(if known)* 25-10321

---

## Part 2:  Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| **7. Deposits, including security deposits and utility deposits** Description, including name of holder of deposit | |
| 7.1  Security Deposit Receivable - Unknown | $6,376,644.00 |
| **8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent** Description, including name of holder of prepayment | |
| 8.1 | $0.00 |

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

| $6,376,644.00 |
|---|

## Part 3:  Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | | | Current value of debtor's interest |
|---|---|---|---|
| **11. Accounts receivable** | | | |
| 11a.  90 days old or less: | — | = ........  ➜ | $0.00 |
| | face amount | doubtful or uncollectible accounts | |
| 11b.  Over 90 days old: | — | = ........  ➜ | $0.00 |
| | face amount | doubtful or uncollectible accounts | |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| $0.00 |
|---|

## Part 4:  Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|
| **14. Mutual funds or publicly traded stocks not included in Part 1** Name of fund or stock: | | |
| 14.1 | | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                    % of ownership:

| | | | |
|---|---|---|---|
| 15.1 See Schedule A/B 15 Attachment | | | $0.00 |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| | | |
|---|---|---|
| 16.1 | | $0.00 |

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

$0.00

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

       ☐ No

       ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:**  **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39. Office furniture**

| 39.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**40. Office fixtures**

| 40.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**41. Office equipment, including all computer equipment and communication systems equipment and software**

| 41.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| 42.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| | $0.00 |
|---|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 8:**  **Machinery, equipment, and vehicles**

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| 48.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**49. Aircraft and accessories**

49.1 _____  _____  _____  _____                    $0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____  _____  _____  _____                    $0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| $0.00 |
| --- |

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 9:    Real Property**

---

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 55.1 _____ | _____ | _____ | _____ | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

| $0.00 |
| --- |

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 10:    Intangibles and intellectual property**

---

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 Capitalized Costs | $21,320,524.00 | Net Book Value | $21,320,524.00 |
| 64.2 Investments in Mo Projects | $-1,552,803.00 | Net Book Value | $-1,552,803.00 |
| 64.3 Loan Fees/Other Intangible Assets | $167,821.00 | Net Book Value | $167,821.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| | $19,935,542.00 |
|---|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☑ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☑ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | **Current value of debtor's interest** |
|---|---|

**71. Notes receivable**

Description (include name of obligor)

71.1

_____     _____  -  _____  =  ➡  $0.00
                            total face amount             doubtful or uncollectible
                                                          amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

72.1

_____     Tax year _____     $0.00

**73. Interests in insurance policies or annuities**

73.1

_____     $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

See attached litigation schedule _____     Unknown

Nature of Claim _____

Amount requested _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

See attached litigation schedule _____     Unknown

Nature of Claim _____

Amount requested _____

**76. Trusts, equitable or future interests in property**

76.1

_____     $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

_____     $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| $0.00 |
|---|

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 12:** **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $18,533.37 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $6,376,644.00 | |
| **82. Accounts receivable.** Copy line 12, Part 3. | $0.00 | |
| **83. Investments.** Copy line 17, Part 4. | $0.00 | |
| **84. Inventory.** Copy line 23, Part 5. | $0.00 | |
| **85. Farming and fishing-related assets.** Copy line 33, Part 6. | $0.00 | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7. | $0.00 | |
| **87. Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $0.00 | |
| **88. Real property. Copy line 56, Part 9.** | → | $0.00 |
| **89. Intangibles and intellectual property..** Copy line 66, Part 10. | $19,935,542.00 | |
| **90. All other assets.** Copy line 78, Part 11. | $0.00 | |
| **91. Total. Add lines 80 through 90 for each column** 91a. | $26,330,719.37 | 91b. $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.

$26,330,719.37

**SCHEDULE AB 15 ATTACHMENT**
Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses

| Name of Entity | % of Ownership | Valuation Method | Current Value |
|---|---|---|---|
| 113 Canyon Acres, LLC | 100.0% | N/A | Unknown |
| 14 West Coast, LLC | 100.0% | N/A | Unknown |
| 2711 E Coast Hwy, LLC | 100.0% | N/A | Unknown |
| 314 S. Harvard DE, LLC | 100.0% | N/A | Unknown |
| 331 N. Coast, LLC | 100.0% | N/A | Unknown |
| 331 North Coast Hwy, LLC | 100.0% | N/A | Unknown |
| 4110 West 3rd Street, LLC | 100.0% | N/A | Unknown |
| 4G Wireless, LLC | 100.0% | N/A | Unknown |
| 689 S. Coast Hwy, LLC | 100.0% | N/A | Unknown |
| 7 Star Trade-In, LLC | 100.0% | N/A | Unknown |
| 837 Park Avenue, LLC | 100.0% | N/A | Unknown |
| Aryabhata Group, LLC | 100.0% | N/A | Unknown |
| Assisted Living/Memory Care, LLC | 100.0% | N/A | Unknown |
| Blue Lagoon Resorts, LLC | 100.0% | N/A | Unknown |
| BMV Apartments, LLC | 100.0% | N/A | Unknown |
| Brookline Aliso Viejo, LLC | 100.0% | N/A | Unknown |
| Buena Vida RSM, LLC | 100.0% | N/A | Unknown |
| Cliff Drive NB Properties, LLC | 100.0% | N/A | Unknown |
| Cliff Village, LLC | 100.0% | N/A | Unknown |
| Hotel Laguna, LLC | 100.0% | N/A | Unknown |
| Laguna Beach Company, Inc. | 100.0% | N/A | Unknown |
| Laguna HI, LLC | 100.0% | N/A | Unknown |
| Laguna HW, LLC | 100.0% | N/A | Unknown |
| M5 Nosh, LLC | 100.0% | N/A | Unknown |
| Marquis Marine, LLC | 100.0% | N/A | Unknown |
| MJA Restauraunts, LLC | 100.0% | N/A | Unknown |
| Modan, LLC | 100.0% | N/A | Unknown |
| Palm Desert Collective Resorts, LLC | 100.0% | N/A | Unknown |
| Pershing B2, LLC | 100.0% | N/A | Unknown |
| Pizza 90, Inc. | 100.0% | N/A | Unknown |
| Poppy and Seed, LLC | 100.0% | N/A | Unknown |
| Rancho San Joaquin Golf Course, LLC | 100.0% | N/A | Unknown |
| Seven Degrees Laguna, LLC | 100.0% | N/A | Unknown |
| Seven Degrees, Inc. | 100.0% | N/A | Unknown |
| Terra Laguna Beach, Inc. | 100.0% | N/A | Unknown |
| Tesoro Redlands DE, LLC | 100.0% | N/A | Unknown |
| The Fullest, LLC | 100.0% | N/A | Unknown |
| The Masters Building, LLC | 100.0% | N/A | Unknown |
| Tustin Retail Properties, LLC | 100.0% | N/A | Unknown |

In re: MOM CA Investoco LLC
Case No. 25-10321

**Litigation Summary Schedule – MOM CA Investco LLC**

| Case Name | Case Number | Nature of Case | Court Name and Address | Status of Case |
|---|---|---|---|---|
| MOM CA Investco LLC v. 247 Hotels Beverage LLC, Mohammad Honarkar, Does | 30-2023-01325570-CU-BC-WJC | Declaratory relief. | Orange County Superior Court, Santa Ana California - 700 Civic Center Drive West, Santa Ana, CA 92701 | Pending |
| Mohammad Honarkar, individually and on behalf of MOM AS Investco LLC v. Mahender Makhijani, Continuum Analytics, Inc., MOM AS Investor Group, LLC, et al. | 30-2023-01323759-CU-OR-NJC | Trespass and fraud. | Orange County Superior Court, Santa Ana California - 700 Civic Center Drive West, Santa Ana, CA 92701 | Pending |
| Mohammad Honarkar, individually and as a member of Mom AS Investco, LLC, Mom BS Investco, LLC, Mom CA Investco LLC v. Mom AS Investco, LLC, Mom BS Investco, LLC, Mom CA Investco, LLC | 23STCP01361 | Petition for writ of mandate compelling defendant to promptly disclose requested records. | Los Angeles County Superior Court, Los Angeles, California – 111 North Hill Street, Los Angeles, CA 90012 | Pending (last filing 3/12/2024) |
| MOM CA Investco LLC, et al. v. Eric Bostwick, et al. | 30-2023-01337525-CU-BC-WJC | Interference with contract. Defamation. | Orange County Superior Court, 8141 13th Street, Westminster, CA 92683 | Pending |
| Mohammad Honarkar and 4G Wireless, Inc., individually and on behalf of MOM AS Investco LLC, MOM BS Investco LLC, and MOM CA Investco, LLC v. Mahender Makhijani; Continuum Analytics, Inc. et al. | JAMS Arbitration No. 5220003126 | Arbitration. | 555 West 5th Street, 32nd Floor, Los Angeles, CA 90013 | Pending |

**Fill in this information to identify the case:**

Debtor name: MOM CA Investco LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10321

☐ **Check if this is an amended filing**

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:** List Creditors Who Have Claims Secured by Property

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|---|

2.1

_____

**Date debt was incurred?**

_____

**Last 4 digits of account number**

_____

**Do multiple creditors have an interest in the same property?**

☐ No

☐ Yes. Specify each creditor, including this creditor, and its relative priority.

_____

**Describe debtor's property that is subject to the lien:**

_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☐ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

$0.00                    _____

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                    $0.00

**Part 2:** **List Others to Be Notified for a Debt That You Already Listed**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

**Fill in this information to identify the case:**

Debtor name: MOM CA Investco LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10321

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

2.1

Department of Treasury - IRS
600 Arch Street, M/S 03-F15-13
Philadelphia, PA 19106-1611

**Date or dates debt was incurred**
1/1/2021 - 12/31/2021

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

**Basis for the claim:**
Partnership Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: $4,617.50    Priority amount: $4,617.50

2.2

Department of Treasury - IRS
600 Arch Street, M/S 03-F15-13
Philadelphia, PA 19106-1611

**Date or dates debt was incurred**
1/1/2022 - 12/31/2022

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( 8 )

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

**Basis for the claim:**
Partnership Taxes

**Is the claim subject to offset?**
☑ No
☐ Yes

Total claim: $4,617.50    Priority amount: $4,617.50

**2.3**

Department of Treasury - IRS
600 Arch Street, M/S 03-F15-13
Philadelphia, PA 19106-1611

**Date or dates debt was incurred**
1/1/2023 - 12/31/2023

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( **8** )

**As of the petition filing date, the claim is:**    $4,617.50    $4,617.50
*Check all that apply.*

☐ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**
Partnership Taxes

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**2.4**

Department of Treasury - IRS
600 Arch Street, M/S 03-F15-13
Philadelphia, PA 19106-1611

**Date or dates debt was incurred**
1/1/2024 - 12/31/2024

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( **8** )

**As of the petition filing date, the claim is:**    $4,617.50    $4,617.50
*Check all that apply.*

☐ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**
Partnership Taxes

**Is the claim subject to offset?**

☑ No

☐ Yes

---

**Part 2:**  **List All Creditors with NONPRIORITY Unsecured Claims**

---

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | **Amount of claim** |
|---|---|

**3.1**

Coastline Santa Monica Investments, LLC
520 Newport Center Drive
Suite 480
Newport Beach, CA 92660

**Date or dates debt was incurred**
8/26/2021

**As of the petition filing date, the claim is:**    $17,255,316.00
*Check all that apply.*

☐ Contingent

☑ Unliquidated

☑ Disputed

**Basis for the claim:**
Promissory Note

**Is the claim subject to offset?**

☑ No

☐ Yes

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line _____ | |
| | ☐ Not listed. Explain | |

**Part 4:**  **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $18,470.00 |
| 5b. **Total claims from Part 2** | 5b. | $17,255,316.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $17,273,786.00 |

**Fill in this information to identify the case:**

Debtor name: MOM CA Investco LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10321

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:**    **Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1    **State what the contract or lease is for and the nature of the debtor's interest**

_____

_____

**State the term remaining**

_____

**List the contract number of any government contract**

_____

**Fill in this information to identify the case:**

Debtor name: MOM CA Investco LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10321

☐ **Check if this is an amended filing**

## Official Form 206H
## Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

**Fill in this information to identify the case:**

Debtor name: MOM CA Investco LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10321

☐ Check if this is an amended filing

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 05/05/2025 | /s/ Mark Shinderman |
| Executed on | Signature of individual signing on behalf of debtor |
| | Mark Shinderman |
| | Printed name |
| | Chief Restructuring Officer |
| | Position or relationship to debtor |