## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |

## STATEMENT OF FINANCIAL AFFAIRS FOR
## MOM CA INVESTCO LLC (25-10321)

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], 837 Park Avenue, LLC [3229], and Terra Laguna Beach, Inc. [2344] (interim). The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On February 28, 2025 (the "Investco Petition Date"), Debtor MOM CA Investco LLC ("MOM CA"), Debtor MOM AS Investco LLC ("MOM AS"), and Debtor MOM BS Investco LLC ("MOM BS," and collectively with MOM CA and MOM AS, the "MOM Investcos") each filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The MOM Investcos were founded in June of 2021 for the purpose of managing a robust real estate investment portfolio.

Each of the MOM Investcos owns a number of subsidiary special purpose entities (each an "SPE"), which each own and hold a separate investment property. Collectively, the MOM Investcos have ownership interests in roughly sixty (60) SPEs for properties primarily in southern California. Each of the MOM Investcos holds one-hundred percent (100%) of the ownership interests for each of their respective SPEs. Not all of the SPEs have or will file bankruptcy and there is a dispute as to whether certain SPEs belong to the enterprise.

On March 10, 2025 and March 31, 2025, as applicable (the "SPE Petition Dates," and together with the Investco Petition Date, the "Petition Date," as applicable), twenty of the SPEs (collectively, the "SPE Debtors")[2] each filed a voluntary petition for relief pursuant to chapter 11

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], 837 Park Avenue, LLC [3229] and Terra Laguna Beach Inc. [2344] (interim). The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2] The "SPE Debtors" are: Retreat at Laguna Villas, LLC; Sunset Cove Villas, LLC; Duplex at Sleepy Hollow, LLC; Cliff Drive Properties DE, LLC; 694 NCH Apartments, LLC; Heisler Laguna, LLC; Laguna Festival Center, LLC; 891 Laguna Canyon Road, LLC; 777 AT Laguna, LLC; Laguna Art District Complex, LLC; Tesoro Redlands DE, LLC; Aryabhata Group LLC; Hotel Laguna, LLC; 4110 West 3rd Street DE, LLC; 314 S. Harvard

of the Bankruptcy Code.  These Chapter 11 Cases are jointly administered pursuant to Bankruptcy Rule 1015(b).  *See* Docket Nos. 56 and 220.

The Schedules of Assets and Liabilities (the "Schedules" or "SOALs") and Statements of Financial Affairs (the "Statements" or "SOFAs") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by the Debtors in conjunction with their financial and legal advisors using unaudited information available as of the time or preparation.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") comprise an integral part of each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets and should be referred to in connection with any review of the Schedules and Statements.  These Global Notes are in addition to any specific notes contained in any individual Debtor's Schedules or Statements.[3]  Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**THE SCHEDULES AND STATEMENTS AND THESE GLOBAL NOTES SHOULD NOT BE RELIED UPON BY ANY PERSONS FOR INFORMATION RELATING TO CURRENT OR FUTURE FINANCIAL CONDITIONS, EVENTS, OR PERFORMANCE OF ANY OF THE DEBTORS.**

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy of completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputations, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

---

DE, LLC; Laguna, HI, LLC; Laguna HW, LLC; The Masters Building, LLC; 837 Park Avenue, LLC, and Terra Laguna Beach, Inc. (interim).

[3] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

## Global Notes and Overview of Methodology

**Reservation of Rights**.  The Debtors' Chapter 11 Cases are large and complex.  The Debtors and their legal and financial advisors have made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible, based on the information that was available to them at the time of preparation.  Subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred.  Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are accurate and/or complete.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time as is necessary and appropriate.[4]

The Debtors have made reasonable efforts to characterize, classify, categorize, or designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements correctly.  Further, certain affiliated companies of the Debtors did not file petitions in the Bankruptcy Court of this or any other relevant jurisdiction in the United States (each individually a "Non-Debtor Affiliate").  The Debtors have made reasonable efforts to exclude all assets and liabilities of the Non-Debtor Affiliates from the Schedules and Statements.

Due to the complexity and size of the Debtors' businesses, however, the Debtors may have improperly characterized, classified, categorized, or designated certain items.  The Debtors thus reserve all their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements as necessary or appropriate as additional information becomes available.  In addition, certain items reported in the Schedules and Statements could be included in more than one category.  In those instances, one category has been chosen to avoid duplication.  The designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.  Furthermore, as further detailed below, some claims and executory contracts included with the Schedules may not be claims against or contracts with the Debtors, and the Debtors reserve all their rights with respect thereto.

Nothing contained in the Schedules and Statements or these Global Notes shall constitute an admission or a waiver of rights with respect to these Chapter 11 Cases, including, but not limited to, any issues involving substantive consolidation for plan purposes, subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  For the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E/F as "priority unsecured" or "nonpriority unsecured," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant and/or contractual counterparty, or a waiver of a Debtor's right to recharacterize or reclassify such claim or contract.  Failure to

---

[4]    The books and records relied on to prepare the Schedules and Statements may be partially incomplete due to, among other things, the ownership dispute that resulted in the filing of these Chapter 11 Cases.  Additionally, there have been reports that, among other things, the purported owners have been diverting rents and other funds from the Debtors' estates.  An investigation is being conducted and the Schedules and Statements may be amended or supplemented upon further information and/or turnover of the Debtors' property.

designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection.  The Debtors reserve their respective rights to dispute, or assert offsets, setoffs, or defenses to any claim reflected on the Schedules as to the nature, amount, liability, or status or to otherwise subsequently designate any claim as disputed, contingent, and/or unliquidated.

**Reporting Date**.  All asset and liability information, except where otherwise noted, is provided as of the close of business on the Petition Date (which occurred prior to the filing of the Petitions).

**Basis of Presentation**.  The Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis as they exist in the Debtors' books and records.  Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the Company for reporting purposes or otherwise.

The Debtors do not prepare financial statements in accordance with Generally Accepted Accounting Principles in the United States ("GAAP").

**Currency**.  All amounts are reflected in U.S. dollars, unless otherwise indicated.

**Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenue and expense.  Actual results could differ materially from these estimates.  The Debtors reserve the right to amend the reported amounts of assets, liabilities, and expenses to reflect changes in those estimates or assumptions.

**Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed totals.  Due to the numerous unliquidated, contingent, and/or disputed claims, summary statistics in the Schedules and Statements may materially understate the Debtor's liabilities.

**Undetermined or Unknown Amounts**.  The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount.  Certain amounts may be clarified during the course of the Chapter 11 Cases, and certain amounts may depend on contractual obligations to be assumed as part of a sale in a bankruptcy proceeding under section 363 of the Bankruptcy Code.

**Previous Ownership and Recordkeeping**.  Additional factual background regarding the Debtors is set forth in the *Declaration of Mark Shinderman in Support of Petitions and First Day Motions* [Docket Nos. 11 & 152] (as amended, the "First Day Declaration"), which is incorporated herein by reference.

**Description of Debtors' Business**.  The Debtors constitute a real estate venture comprised of a portfolio of commercial and residential properties owned by the Debtors (the "Properties").  The Properties that make up the portfolio include hotels, an apartment complex, office buildings, other commercial real estate, and individual homes used as luxury vacation rentals.

Prior to the formation of the MOM Investcos, Continuum Analytics ("Continuum"), of which Mahender Makhijani ("Makhijani") is an employee, and 4G Wireless, Inc. ("4G Wireless"), through Mohammad Honarkar ("Honarkar"), documented their preliminary understanding regarding the material terms of the joint venture in a term sheet, dated May 24, 2021 (the "Term Sheet").

On or about June 8, 2021, the MOM Investcos were founded pursuant to their respective operating agreements (collectively, the "Operating Agreements").  Pursuant to the Operating Agreements, Honarkar and 4G Wireless contributed the portfolio of SPEs to the MOM Investcos.  The Operating Agreements provide that the MOM Managers would contribute $30 million to the MOM Investcos for certain projects related to the SPEs.  There is an ongoing dispute about whether the Operating Agreements were properly entered into.

**Excluded Assets and Liabilities**.  The Debtors may have excluded from the Schedules certain of the following items, which may be included in their financial statements: certain accrued liabilities, including, without limitation, capitalized interest, debt acquisition costs, goodwill, certain other assets, and deferred revenue and gains.  Other non-material assets and liabilities may also have been excluded.

Exclusion of certain intellectual property from the Schedules and Statements should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property rights in the Schedules and Statements should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

**Confidentiality**.  In certain instances, in the Schedules and Statements, the Debtors have deemed it necessary and appropriate to redact from the public record addresses of hotel guests, as well as the names and addresses of individual tenants, because of concerns for the privacy of, or otherwise to preserve the confidentiality of, personally identifiable information, pursuant to *Order Authorizing Redaction of Certain Personal Identifying Information in the Consolidated List of Creditors and Other Filings* [Docket No. 57].  Notwithstanding, the Debtors will mail any required notice or other documents to the address in their books and records for such individuals.

**Bankruptcy Court First-Day Orders**.  The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, any prepetition amounts related to the Debtor's insurance policies, certain trade claims, and certain prepetition wages.  Accordingly, the scheduled claims are intended to reflect only sums due and owing before the Petition Date for which the Debtors did not obtain relief from the

Bankruptcy Court to satisfy in whole or in part. The estimate of claims set forth in the Schedules, however, may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court.

**Liens**. The inclusion on Schedule D of creditors that have asserted liens against the Debtors is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right, to the extent that the Debtors have not elsewhere waived this right, to challenge such liens and the underlying claims on any ground whatsoever. Reference to the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtors' intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

**Leases**. In the ordinary course of their businesses, the Debtors may lease facilities, equipment, and vehicles from certain third-party lessors for use in their daily operations. Any such leases are set forth in Schedule G, and the assets subject to these leases are reflected in Schedule A/B. The properties subject to these leases are not reflected in the Statements as property or assets of third parties within the control of a Debtor. Nothing herein or in the Schedules or Statements shall be construed as a concession, admission or evidence as to the determination of the legal status of any leases identified in the Schedules or Statements, including whether such leases: (i) constitute an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code or other applicable law; or (ii) have not expired or been terminated or otherwise are not current in full force and effect, and the Debtors reserve all of their rights. The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule EF of the Schedules.

**Executory Contracts**. Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code. Exclusion of a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is not an executory contract, such lease is not an unexpired lease, or that either necessarily is not a binding, valid, and enforceable contract.

**Setoff**. Prior to the Petition Date, and in the ordinary course of their businesses, the Debtors incurred consensual setoffs in connection with, among other things, intercompany and third-party transactions. Unless otherwise stated, certain setoffs that were incurred in the ordinary course or under customary practices are not listed in the Schedules and Statements and the Debtors have not intentionally offset amounts listed on Schedules A/B, D or E/F. Nonetheless, some amounts listed

may have been affected by setoffs effectuated prior to the Petition Date of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

**Guarantees and Other Secondary Liability Claims**. The Debtors have used commercially reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees. The Debtors have placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guarantees were also placed on Schedule D or E/F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G. Further, it is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve their rights to amend the Schedules and Statements to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and Statements to recharacterize or reclassify any such contract or claim.

**Intercompany Claims and Transfers.** The Debtors maintain business relationships with each other, conducting transactions from time to time that result in intercompany receivables and payables and/or are on account of capital contributions, equity investments, intercompany loans, or distributions on account of equity investments. Known prepetition receivables and payables among and between the Debtors are reported on Schedule A/B, and Schedule E/F, respectively, per the Debtors' books and records. In certain instances, intercompany accounts may not have been reconciled and therefore the values are unknown and are listed as such. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

**Payments**. The financial affairs and businesses of the Debtors are complex. Before the Petition Date, the Debtors and certain of their Non-Debtor Affiliates participated in a consolidated cash management system. As a result, certain payments in the Schedules and Statements may have been made prepetition by one entity on behalf of another entity through the operation of the consolidated cash management system. A description of the Debtors' prepetition cash management system is set forth in the *Debtors' Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To (A) Continue To Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Perform Intercompany Transactions, and (D) Maintain Existing Business Forms; (II) Authorizing The Debtors' Banks To Honor All Related Payment Requests; And (III) Granting Related Relief* [Docket No. 10] (the "Cash Management Motion"). The Debtors have used their reasonable best efforts to attribute each payment to the Debtor which made the payment.

**Insiders**. For purposes of the Schedules and Statements, the Debtors defined "insiders" as such term is defined in section 101(31) of the Bankruptcy Code. Persons and entities listed as "insiders" have been included for informational purposes only and the inclusion of them in the

Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of such insider; (c) the decision-making or corporate authority of such insider; or (d) whether such insider could successfully argue that he or she is not an "insider" under applicable law, including federal securities laws, or with respect to any theories of liability or for any other purpose.

**Signatory**.  The Schedules and Statements have been signed by Mark Shinderman, in his capacity as Chief Restructuring Officer of the Debtors.  In reviewing and signing the Schedules and Statements, he has necessarily relied upon the efforts, statements, and representations of various of the Debtors' professionals and property managers[5].  He has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors and their addresses.

**Limitation of Liability**.  The Debtors and their officers, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused, in whole or in part, by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or, except to the extent required by applicable law or an order of the Bankruptcy Court, to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their officers, employees, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused.

In addition to the foregoing, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

**Schedules of Assets and Liabilities**

**Schedule A/B Notes**.

- <u>General</u>.  Each Debtor's assets in Schedule A/B are listed at net book value based on the Debtors' reasonable best efforts as of the Petition Date unless otherwise noted and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.  Although the Debtors have made reasonable efforts to identify assets and liabilities on the Schedules and Statements of the appropriate Debtor, there can be no assurance that the correct Debtor entity has been identified as the owner of certain assets or the liable party, as the case may be.

---

[5]   Including Vierergruppe Management, Inc., Everyday Luxury Inc., and Debtor employees

- Checking, Savings, or Other Accounts (AB3).  Certain of the SPE Debtors have bank accounts in their name that are controlled by the property managers for various operational needs of the properties.  The Debtors do not control payments made from this account; however, out of an abundance of caution, the Debtors have included the balance of these accounts as of the Petition Date in response to SOAL AB3.

- Accounts Receivable (AB11).  For each of the SPE Debtors, accounts receivable aged more than 90 days exclusively relate to unpaid rent amounts from Properties which the SPE Debtors control.  These amounts are assumed to be fully collectible.

- Non-publicly traded stock (AB15).  Ownership interests in other Debtor subsidiaries and Non-Debtor Affiliates have been identified in AB15 in an undetermined amount because the fair market value of such ownership interest is dependent on numerous variables and factors that may cause their fair market value to differ materially from their net book value.

- Inventory Purchased within 20 days (AB25).  The Debtors have made reasonable efforts to identify or estimate all inventory included in AB22 that was purchased within the 20 days preceding the Petition Date; however, it is possible that inadvertent errors or omissions may have occurred in calculating these amounts.

- Office Furniture, Fixtures and Equipment (AB38 thru AB45).  As of the current date, subledger-type information regarding the furniture, fixtures, and equipment have not been identified.  The Debtors have included all furniture, fixtures, and equipment in their responses to questions AB39 to AB41.  While the Debtors may display artwork at their hotel properties or as decoration in hotel rooms, this artwork is of de minimis value and is not included in response to question AB42.  After a reasonable effort, the Debtors have not been able to identify collectibles, and other memorabilia; however, it is possible that inadvertent errors or omissions may have occurred, or that other property of de minimis value is not included in response to this question.  Although not reflected in their response, the Debtors have indicated that there are certain artist owned artwork that is displayed and for sale at one of their hotel properties with an estimated value of approximately $30,000.00.

- Real Property (AB54 thru AB58).  At various times, the MOM Investcos received appraisal reports for certain of the properties owned by the Debtors; however, given the age of the appraisal reports as well as the uncertain impact of these Chapter 11 Cases, the Debtors have listed the value of the real property as "Undetermined" in response to AB55.  The Debtors are currently seeking brokers' opinions of value and, in some cases, updated appraisals for its real property.

**Schedule D Notes**.

- Creditors' claims on Schedule D arose, or were incurred, on various dates.  In certain instances, the date on which such claim arose may be an open issue of fact.

- Except as otherwise agreed in accordance with any stipulation and order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien listed on Schedule D purported to be granted to a secured creditor or perfected in any specific asset.

- Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim scheduled on Schedule D is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or other entities.

- The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facilities and secured notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule D.  The amounts outstanding under the Debtors' prepetition secured credit facilities and secured notes reflect approximate amounts as of the Petition Date.

- The descriptions provided on Schedule D are intended only as a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation or an acknowledgment of the terms of such agreements or related documents.

**<u>Schedule E/F Notes</u>**.

- The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date.  However, the actual amount of claims against the Debtors may vary significantly from the represented liabilities.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules.  Parties in interest should consult their own professionals and advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F were incurred or arose, some claims represent an aggregation of multiple invoices. Fixing that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have made their best effort to identify the date the liability was incurred, but in some cases of an aggregated claim amount, may have indicated "various", and in other cases, may not have listed a date for each claim listed on Schedule E/F.

- Claims listed on the Debtors' Schedule E/F include claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the claims listed on Schedule E/F. Therefore, the Debtors have listed estimated claim amounts, where possible, or alternatively listed such claims as undetermined in amount and marked the claims as unliquidated, pending final resolution of ongoing audits or other outstanding issues. The Debtors reserve their right to dispute or challenge whether such claims are entitled to priority.

- The listing of any priority claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve the right to take the position that any claim listed on Schedule E/F is not entitled to priority.

- The Bankruptcy Court approved the payment of certain non-priority unsecured claims against the Debtors including, any prepetition amounts related to the Debtor's insurance policies as well as any amounts owing to certain trade vendors. While the Debtors have made every effort to reflect the current obligations as of the Petition Date net of postpetition adjustments for additional invoices received or payments issued on Schedule E/F, certain payments made, and certain invoices received, after the Petition Date may not be accounted for in Schedule E/F. To the extent the Debtors have paid or pay any of the Claims listed in the Schedules and Statements pursuant to any order entered by the Bankruptcy Court, the Debtors reserve all of their rights to take any action as is necessary or appropriate to avoid overpayments of or duplicate payments for any such liabilities.

- Schedule E/F also contains information regarding pending litigation involving the Debtors. However, certain omissions may have occurred. The inclusion of any legal action in the Schedules and Statements does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future. Likewise, the omission of any pending litigation does not constitute a waiver of any claims which the Debtors may have.

- All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed. Specific disclosure regarding asserted or potential litigation-

related claims may be subject to certain disclosure restrictions and/or may be of a peculiarly personal and private nature.  The Debtors continue to research any possible restrictions with respect to disclosure of asserted or potential litigation-related claims.  The Debtors will amend or supplement these Schedules and Statements as necessary or appropriate in this regard.

- Schedule E/F does not include certain deferred liabilities, accruals, or general reserves. Such amounts are general estimates and do not represent specific claims as of the Petition Date for each respective Debtor.

- As of the filing of the Schedules and Statements, the Debtors may have not received all invoices for payables, expenses, or liabilities that may have accrued as to the Debtors before the Petition Date.  Accordingly, the information contained in Schedules E/F may be incomplete.  The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices.  The Debtors reserve all of their rights concerning credits or allowances.

**Schedule G Notes**.

- The businesses of the Debtors are complex.  While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred.  The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary.  Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract.  Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.  In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease or that it is or is not a binding, valid, and enforceable contract.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  Schedule G may be amended at any time to add any omitted contract, agreement, or lease.

- The contracts, agreements, and leases listed on Schedule G may have expired or may have been rejected, terminated, assigned, modified, amended, and/or supplemented from time to time by various amendments, change orders, restatements, waivers, estoppel certificates, letters, and other documents, instruments, and agreements that may not be listed therein or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge

whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

## Schedule H Notes.

- In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Because all such claims are "contingent," "unliquidated," or "disputed," such claims have not been set forth individually on Schedule H.

- Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition credit facilities and notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of Schedule H.

- Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Further, the Debtors believe that certain of the guarantees reflected on Schedule H may have expired or are no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or are unenforceable.

- Schedule H is furnished for informational purposes only to apprise parties in interest of co-debtor relationships of the Debtors as of the Petition Date and is derived from documents in the possession of the Debtors. It is not an admission or recognition that any co-debtor liability exists or existed.

## Statement of Financial Affairs

**Statement Questions 1 and 2 – Revenue**. Refer to Global Note "Previous Ownership and Recordkeeping" for additional detail about which activities, in which time periods, constituted revenue for the Debtors based on its ownership and operational structure. For purposes of these questions, the Debtors have not included revenue on account of intercompany activity among and between the Debtors and with any Non-Debtor affiliates. Refer to Global Note "Intercompany Claims and Transfers" for further detail. Additionally, the purported owners have been diverting rents and other funds from the Debtors' estates which are not reflected herein and an amendment may be required once the investigation is complete.

**Statement Question 3 – 90 Day Payments.** For the purpose of this question, all payments are listed on the Statement of the Debtor that actually made the payment, irrespective of whether the

payment satisfied an obligation owed by the Debtor or was made on behalf or for the benefit of another Debtor or Non-Debtor Affiliate. The Debtors' Statements do not include any payments made by the property managers on account of Accounts Payable Claims and Advanced Deposit Claims, or an account of any other claims, during the 90-day period prior to the Petition Date.

**Statement Question 4 – Payments to Insiders.** For the purpose of this question, the Debtors have included all intercompany cash payments. The Debtors are not aware of other payments made to insiders within one year of the filing of these Chapter 11 Cases but are investigating reports that, among other things, the purported owners have been diverting rents and other funds from the Debtors' estates. An investigation is being conducted and the Schedules and Statements may be amended or supplemented upon further information and/or turnover of the Debtors' property.

**Statement Question 7 – Legal Actions.** Certain litigation actions against one Debtor may relate to any of the other Debtors. The Debtors have made commercially reasonable efforts to identify all current pending litigation involving the Debtors and to record these actions in the Statements of the Debtor that is party to the action. However, certain omissions may have occurred. The inclusion of any legal action in this question does not constitute an admission by the Debtors of any liability, the validity of any litigation, or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

The MOM Investcos have been parties to contentious arbitration proceedings that have resulted in a partial interim award (the "Arbitration Award"). On October 13, 2023, Honarkar and 4G Wireless (collectively the "Honarkar Parties"), individually and derivatively on behalf of the Debtors, filed an arbitration proceeding (the "Arbitration") against Makhijani, Continuum, the Investor Groups, the MOM Mangers, and Nano (collectively the "Arbitration Defendants"). The MOM Investcos were named as "nominal respondents" in the arbitration proceeding.

It is the Debtor's understanding that the basis of the Arbitration is a dispute over the ownership and management of the SPEs. The Honarkar Parties alleged numerous causes of action against the Arbitration Defendants regarding the facts surrounding the creation of the MOM Investcos and certain actions taken after their formation. After an evidentiary hearing, the Arbitration Award was entered. While the Arbitration Award appears subject to confidentiality provisions in the Operating Agreements, as permitted by the Court, it was filed with the Court.

It is important to note that the Arbitration Award does not have any claims against the Debtors, except for a potential award of attorneys' fees. In fact, pursuant to the Arbitration Award, it appears that, the MOM Investcos, as derivative claimants, may be entitled to recover compensatory damages to benefit the estates.

In addition to the Arbitration Award, information has been provided that indicates that there are potential claims on behalf of the Debtors. Accordingly, the Debtors are investigating these potential claims.

For example, it has been represented that some of the tenants of certain SPE Debtors either were not or are not paying rent. Accordingly, prior to the Petition Date, unlawful detainer actions (the

"Unlawful Detainer Actions") have been filed in the California Superior Court of Orange County (the "Superior Court") on behalf of the SPE Debtors. The Superior Court issued an order requiring certain defendants in the Unlawful Detainer Actions to deposit rents with the Superior Court.

**Statement Question 9 – Gifts and Charitable Contributions.** The Debtors have made commercially reasonable efforts to identify and include all gifts and charitable; however, certain gifts may have been made by the Debtors or on the Debtors' behalf by the property managers that may have been missed. These charitable contributions were reported in response to Statement Question 9.

**Statement Question 11 – Payments Related to Bankruptcy.** During the one year prior to the Petition Date, the Debtors sought assistance from various professionals and have included all payments made to those professionals. The response to Question 11 identifies the Debtor that made a payment in respect of professionals the Debtors have retained or will seek to retain under section 327 and section 363 of the Bankruptcy Code. However, each of the Debtors' professionals is retained by and on behalf of all the Debtors and it is generally not possible for the Debtors to identify with particularity the Debtor or Debtors for whose specific benefit any bankruptcy-related payment may have been made within one year prior to the Petition Date. Additional information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications, motions, and related orders. Although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Question 11 may include payments for professional services unrelated to bankruptcy.

**Statement Question 17 – Retirement Plans.** Except with respect Debtor Terra Laguna Beach, Inc. and Laguna HI, LLC, the Debtors currently do not have any employees and operate their Properties using third-party management companies. To the best of the Debtors' knowledge, all ERISA, 401(k), 403(b), or other pension or profit-sharing plans, if they existed, have been terminated or transitioned to other administrators.

**Statement Question 21 – Property Held for Another.** The Debtors have indicated that there are certain artist owned artwork that is displayed and for sale at one of their hotel properties with an estimated value of approximately $30,000.00.

**Statement Question 23 – Environmental Information.** After diligent inquiry, Debtors are not aware of and have not included any environment impacts in response to Statement Question 23. Debtors note the mention in an appraisal of a possible underground storage tank (UST) at one of the properties. However, Debtors are not aware of any investigation to confirm or rule out the existence of any UST. Additionally. the Debtors plan to complete a supplemental site investigation ("SSI") report to assess potential volatile organic compound (VOC) contamination on one of their properties. Based on the results of the report, the Debtors plan to move forward to with the recommended remediation plan.

**Statement Question 25 – Businesses in Which the Debtors Have an Interest.** Given the complexities of the organizational structure of the Debtors, for purposes of Statement Question 25, the Debtors have listed the current and former direct and indirect subsidiaries of each Debtor entity existing at any point during the 6 years prior to the Petition Date. Further, given the previous

management of certain of these legal entities by nonrelated third parties, the response to Statement Question 25 may omit certain information regarding such subsidiaries, including address, nature of business, employer identification number, and the dates on which the business existed. The Debtors have made commercially reasonable efforts to identify potential businesses in which they may have had an interest through research of the State of Delaware, Department of State: Division of Corporations publicly available database.

**Statement Question 26a – Accountants and Bookkeepers.** Exact dates of the accountants and bookkeepers who maintained the Debtor's books and records within 2 years of filing were not provided.

**Statement Question 26b – Firms and Individuals Who Have Audited the Debtor's Books and Records.** Exact dates of the firms and individuals who audited, compiled or reviewed the Debtor's books and records within 2 years of filing were not provided.

**Statement Question 26d – Recipients of Financial Statements.** The Debtors have provided financial statements in the ordinary course of business to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for purposes of Statement 26d.

**Statement Question 28 and 29 – Current and Former Officer and Directors.** The Debtors have made reasonable best efforts to list the known current and former officers and directors for each Debtor entity based on a review of existing books and records and other available information, which may not be complete and updated as of the Petition Date. As such, there may be inadvertent errors or omissions for Statement Questions 28 and 29 due to these limitations. See Global Note "Insiders" for further detail.

On March 4, 2025, the MOM Investcos executed that certain Independent Manager Agreement (the "<u>Manager Agreement</u>") under which each of the respective MOM Managers delegated all managerial authority over its respective MOM Investco to the Independent Manager. In addition, as the managing manager of all of the MOM Investcos, the Independent Manager has sole authority and decision-making power under the Operating Agreements to manage not only all aspects of the MOM Investcos, but also the respective SPEs owned by each of the MOM Investcos.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders.** Refer to Statement Question 4 for this item.

**Fill in this information to identify the case:**

Debtor name: MOM CA Investco LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10321

☐ Check if this is an
amended filing

Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

**Part 1:   Income**

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ to _Filing Date_ | ☐ Operating a business<br>☐ Other | _____ |
| For prior year: | From _____ to _____ | ☐ Operating a business<br>☐ Other | _____ |
| For the year before that: | From _____ to _____ | ☐ Operating a business<br>☐ Other | _____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date: | From _____ to _Filing Date_ | _____ | _____ |
| For prior year: | From _____ to _____ | _____ | _____ |
| For the year before that: | From _____ to _____ | _____ | _____ |

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers - including expense reimbursements - to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|-----------------------------|-------|-----------------------|----------------------------------------------------------|
| 3.1 | | | ☐ Secured debt |
| | | | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| | | | ☐ Services |
| | | | ☐ Other |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|----------------------------|-------|-----------------------|----------------------------------|
| 4.1 | | | ☐ Secured debt |
| See SOFA 4 Attachment | | $1,678,214.00 | ☐ Unsecured loan repayments |
| | | | ☐ Suppliers or vendors |
| Relationship to debtor | | | ☐ Services |
| | | | ☐ Other |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.
Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|-----------------------------|----------------------------|------|-------------------|
| 5.1 | | | |

### 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|-----------------------------|------------------------------------------|-----------------------|--------|
| 6.1 | | | |
| | Last 4 digits of account number | | |

**Part 3:** **Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 **Name** See attached litigation schedule **Case number** | | Name ___ Street ___ City ___ State ___ Zip ___ | ☐ Pending ☐ On appeal ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1 Custodian's name and address ___ Street ___ City ___ State ___ Zip ___ | Case title ___ Case number ___ Date of order or assignment ___ | Court name and address Name ___ Street ___ City ___ State ___ Zip ___ |

**Part 4:** **Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 Recipient's name ___ Street ___ City ___ State ___ Zip ___ **Recipient's relationship to debtor** ___ | | | |

**Part 5:**    **Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 | | | |

**Part 6:**    **Certain Payments or Transfers**

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1<br><br>FTI Consulting<br>555 12th St, NW<br>Suite 700<br>Washington, DC 20004<br><br>**Email or website address**<br>www.fticonsulting.com<br><br>**Who made the payment, if not debtor?** | N/A | 2/27/2025 | $100,000.00 |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| 12.1<br><br>**Trustee** | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 _____ | _____ | _____ | _____ |
| Relationship to debtor _____ | | | |

| Part 7: | Previous Locations |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | | | Dates of occupancy | |
|---|---|---|---|---|
| 14.1 Street _____ | | | From _____ | to _____ |
| City _____ | State _____ | Zip _____ | | |

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

☐ diagnosing or treating injury, deformity, or disease, or

☐ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 Street _____ | | |
| City _____ State _____ Zip _____ | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider _____ | How are records kept? Check all that apply: ☐ Electronically ☐ Paper |

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

　　☐ No. Go to Part 10.

　　☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | _____ |

Has the plan been terminated?

☐ No

☐ Yes

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 <br> Name _____ <br> Street _____ <br> City _____ State ____ Zip ____ | _____ | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other <br> _____ | _____ | _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 19.1 <br> Name _____ <br> Street _____ <br> City _____ State ____ Zip ____ | Address _____ | _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1 Name _____ Street _____ City ____ State __ Zip __ | Address _____ | _____ | ☐ No ☐ Yes |

## Part 11: Property the Debtor Holds or Controls that the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 _____ | _____ | _____ | _____ |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders

☑ No.

☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| 22.1 _____ Case Number _____ | Name _____ Street _____ City ____ State __ Zip __ | _____ | ☐ Pending ☐ On appeal ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 23.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City        State    Zip | City            State    Zip | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 | | | |
| Name | Name | | |
| Street | Street | | |
| City        State    Zip | City            State    Zip | | |

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 | | |
| See SOFA 25 Attachment | | EIN |
| | | **Dates business existed** |
| | | From _____   to _____ |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 | |
| Cole Farmer - Accountant<br>520 Newport Center Dr<br>Suite 480<br>Newport Beach, CA 92660 | From       to<br>2023      2024 |

26a.2

Sepand Aslanzadeh - Accountant
520 Newport Center Dr
Suite 480
Newport Beach, CA 92660

| From | to |
|---|---|
| 2022 | Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|

26b.1

BPM
2001 N Main St
Suite 360
Walnut Creek, CA 94596

| From | to |
|---|---|
| 2022 | Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26c.1

Cole Farmer - Accountant
520 Newport Center Dr
Suite 480
Newport Beach, CA 92660

26c.2

Sepand Aslanzadeh - Accountant
520 Newport Center Dr
Suite 480
Newport Beach, CA 92660

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|

26d.1

Banc of California
3 MacArthur Place
Santa Ana, CA 92707

26d.2

Enterprise Bank & Trust
PO Box 66940
St. Louis, MO 63166

26d.3

Lone Oak Fund, LLC
11611 San Vicente Blvd
#640
Los Angeles, CA 90049

26d.4

Nano Banc
7755 Irvine Center Dr
3rd Floor
Irvine, CA 92618

26d.5

PMF CA REIT, LLC
23586 Calabasas Rd
Unit 100
Calabasas, CA 91302

26d.6

Preferred Bank
601 S Figueroa St
47th Floor
Los Angeles, CA 90017

26d.7

Wilshire Quinn Income Fund, LLC
2550 Fifth Ave
Suite 1070
San Diego, CA 92103

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
| --- | --- | --- |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Position and nature of any interest | % of interest, if any |
| --- | --- | --- |
| 28.1 | | |
| Mohammad Honarkar<br>8871 Research Dr<br>Irvine, CA 92610 | Member | 50.0% |
| 28.2 | | |
| MOM CA Investor Group LLC<br>1675 S State St<br>Suite B<br>Dover, DE 19901 | Member | 50.0% |

28.3

MOM CA Manager LLC
520 Newport Center Dr
Suite 480
Newport Beach, CA 92660

Managing Member _____ 0.0% _____

28.4

Mark Shinderman
555 12th Street NW
Suite 700
Washington, DC 20004

CRO _____ 0.0% _____

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☑ No

☐ Yes. Identify below.

| Name and Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|
| 29.1 | | From _____ to _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 See SOFA 4 | | | |

| Relationship To Debtor |
|---|
| |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1 | EIN |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN |

**SOFA 4 ATTACHMENT**

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's Name | Address | City | State | Zip | Relationship to the Debtor | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|---|
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 6/10/2024 | $138,000.00 | Unknown |
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 7/15/2024 | $85.00 | Unknown |
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 11/6/2024 | $72,000.00 | Unknown |
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 11/13/2024 | $554.02 | Unknown |
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 11/20/2024 | $500.00 | Unknown |
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 12/6/2024 | $220,000.00 | Unknown |
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 12/31/2024 | $73,000.00 | Unknown |
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/13/2025 | $1,653.86 | Unknown |
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/14/2025 | $602.69 | Unknown |
| Cliff Village | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/31/2025 | $214,894.98 | Unknown |
| | | | | | | Total: | $721,290.55 | |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 6/6/2024 | $162,000.00 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 7/3/2024 | $80,000.00 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 10/9/2024 | $8,100.00 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 11/7/2024 | $75,000.00 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 11/21/2024 | $25,000.00 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 12/2/2024 | $175.00 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 12/12/2024 | $9,251.79 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/16/2025 | $39,000.00 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/30/2025 | $23,000.00 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 2/11/2025 | $1,500.00 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 2/12/2025 | $136,240.06 | Unknown |
| Laguna Beach Company | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 2/27/2025 | $68,000.00 | Unknown |
| | | | | | | Total: | $627,266.85 | |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 3/8/2024 | $150.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 3/13/2024 | $500.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 6/3/2024 | $5,200.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 6/20/2024 | $14,100.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 7/3/2024 | $34,500.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 7/18/2024 | $12,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 7/25/2024 | $5,550.02 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 8/1/2024 | $29,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 9/24/2024 | $24,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 10/9/2024 | $12,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 10/23/2024 | $5,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 11/20/2024 | $33,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 12/2/2024 | $2,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 12/5/2024 | $12,100.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 12/11/2024 | $7,074.72 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 12/12/2024 | $3,599.76 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 12/19/2024 | $27,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/2/2025 | $24,800.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/13/2025 | $3,961.99 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/14/2025 | $11,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/16/2025 | $20,501.24 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/22/2025 | $5,346.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 1/30/2025 | $2,000.00 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 2/12/2025 | $17,273.03 | Unknown |
| Seven Degrees | 520 Newport Center Dr, Suite 480 | Newport Beach | CA | 92660 | Non-Debtor Affiliate | 2/26/2025 | $18,000.00 | Unknown |
| | | | | | | Total: | $329,656.76 | |

**Litigation Summary Schedule – MOM CA Investco LLC**

| Case Name | Case Number | Nature of Case | Court Name and Address | Status of Case |
|---|---|---|---|---|
| MOM CA Investco LLC v. 247 Hotels Beverage LLC, Mohammad Honarkar, Does | 30-2023-01325570-CU-BC-WJC | Declaratory relief. | Orange County Superior Court, Santa Ana California - 700 Civic Center Drive West, Santa Ana, CA 92701 | Pending |
| Mohammad Honarkar, individually and on behalf of MOM AS Investco LLC v. Mahender Makhijani, Continuum Analytics, Inc., MOM AS Investor Group, LLC, et al. | 30-2023-01323759-CU-OR-NJC | Trespass and fraud. | Orange County Superior Court, Santa Ana California - 700 Civic Center Drive West, Santa Ana, CA 92701 | Pending |
| Mohammad Honarkar, individually and as a member of Mom AS Investco, LLC, Mom BS Investco, LLC, Mom CA Investco LLC v. Mom AS Investco, LLC, Mom BS Investco, LLC, Mom CA Investco, LLC | 23STCP01361 | Petition for writ of mandate compelling defendant to promptly disclose requested records. | Los Angeles County Superior Court, Los Angeles, California – 111 North Hill Street, Los Angeles, CA 90012 | Pending (last filing 3/12/2024) |
| MOM CA Investco LLC, et al. v. Eric Bostwick, et al. | 30-2023-01337525-CU-BC-WJC | Interference with contract. Defamation. | Orange County Superior Court, 8141 13th Street, Westminster, CA 92683 | Pending |
| Mohammad Honarkar and 4G Wireless, Inc., individually and on behalf of MOM AS Investco LLC, MOM BS Investco LLC, and MOM CA Investco, LLC v. Mahender Makhijani; Continuum Analytics, Inc. et al. | JAMS Arbitration No. 5220003126 | Arbitration. | 555 West 5th Street, 32nd Floor, Los Angeles, CA 90013 | Pending |

**SOFA 25 ATTACHMENT**

Other businesses in which the debtor has or has had an interest

| Business Name | Address 1 | Address 2 | City | State | ZIP | Describe the Nature of the Business | Employer Identification Number/CA Entity No. |
|---|---|---|---|---|---|---|---|
| 113 Canyon Acres, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 202208210098 |
| 14 West Coast, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201610410228 |
| 2711 E Coast Hwy, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201614610161 |
| 314 S. Harvard DE, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 83-2182057 |
| 331 N. Coast, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201312210341 |
| 331 North Coast Hwy, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201504810005 |
| 4110 West 3rd Street, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 83-2188641 |
| 4G Wireless, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 43-2081429 |
| 689 S. Coast Hwy, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 82-1005421 |
| 7 Star Trade-In, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | NA |
| 837 Park Avenue, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 82-0973229 |
| Aryabhata Group, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201814910644 |
| Assisted Living/Memory Care, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | NA |
| Blue Lagoon Resorts, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201609810576 |
| BMV Apartments, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | NA |
| Brookline Aliso Viejo, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 200033710106 |
| Buena Vida RSM, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201620210394 |
| Cliff Drive NB Properties, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201607010081 |
| Cliff Village, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 83-3150994 |
| Hotel Laguna, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 83-3179580 |
| Laguna Beach Company, Inc. | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 82-5452681 |
| Laguna HI, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 81-4186408 |
| Laguna HW, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 81-4199470 |
| M5 Nosh, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201724910020 |
| Marquis Marine, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | NA |
| MJA Restauraunts, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | C3724603 |
| Modan, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201902810363 |
| Palm Desert Collective Resorts, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | NA |
| Pershing B2, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | NA |
| Pizza 90, Inc. | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 3564596 |
| Poppy and Seed, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 202028010457 |
| Rancho San Joaquin Golf Course, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | NA |
| Seven Degrees Laguna, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 82-1158518 |
| Seven Degrees, Inc. | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 82-1158518 |
| Terra Laguna Beach, Inc. | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 82-5332344 |
| Tesoro Redlands DE, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 82-1322764 |
| The Fullest, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 201416810463 |
| The Masters Building, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 82-1056134 |
| Tustin Retail Properties, LLC | 520 Newport Center Dr | Suite 480 | Newport Beach | CA | 92660 | Property Holding Company | 81-3832039 |

In re: MOM CA Investco LLC
Case No. 25-10321

**Fill in this information to identify the case:**

Debtor name: MOM CA Investco LLC

United States Bankruptcy Court for the: District of Delaware

Case number: 25-10321

☐ **Check if this is an amended filing**

**WARNING** - Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

05/05/2025

_/s/ Mark Shinderman_

Signature of individual signing on behalf of debtor

Chief Restructuring Officer

Position or relationship to debtor

Mark Shinderman

Printed name

**Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?**

☑ No

☐ Yes