# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MOM CA Investco LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10321 (BLS)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 8, 83, 167, & 216** |

## FOURTH INTERIM ORDER (I) AUTHORIZING POSTPETITION USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of the First Interim Order,[3] the Second Interim Order,[4] the Third Interim Order,[5] this fourth interim order (this "Fourth Interim Order"), and a final order

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2] Undefined capitalized terms have the meanings ascribed to them in the Motion.

[3] "First Interim Order" shall mean the *Interim Order (I) Authorizing Postpetition Use of Cash Collateral; (II) Granting Adequate Protection; (III) Modifying Automatic Stay; (IV) Scheduling a Final Hearing; and (IV) Granting Related Relief* [Docket No. 83].

[4] "Second Interim Order" shall mean the *Second Interim Order (I) Authorizing Postpetition Use of Cash Collateral; (II) Granting Adequate Protection; (III) Modifying Automatic Stay; (IV) Scheduling a Final Hearing; and (IV) Granting Related Relief* [Docket No. 167].

[5] "Third Interim Order" shall mean the *Third Interim Order (I) Authorizing Postpetition Use of Cash Collateral; (II) Granting Adequate Protection; (III) Modifying Automatic Stay; (IV) Scheduling a Final Hearing; and (IV) Granting Related Relief* [Docket No. 216]

pursuant to sections 105(a), 361, 362, and 363, 506, and 507 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1(b), 4001-2, and 9013(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (i) authorizing the use of Cash Collateral (as defined herein), (ii) granting adequate protection to the Real Property Lenders (defined below), (iii) modifying the automatic stay imposed under section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of the Cash Collateral Orders; (iv) scheduling a final hearing (the "Final Hearing") pursuant to Bankruptcy Rules 4001(b) and (d), and (v) granting related relief, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and the interim hearings to consider the relief requested in the Motion having been held on March 14, 2025 and March 31, 2025 (collectively, the "Interim Hearings"); and upon consideration of the First Day Declaration, the consent of the parties, and the record of the Interim Hearings and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates (the "Estates"), as contemplated by Bankruptcy Rule 4001(b)(2), and is in the best interests of the Debtors, their

Estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[6]

A. <u>Disposition</u>. The relief requested in the Motion is hereby granted on an interim basis. Any objections to the Motion that have not been withdrawn, adjourned to the Final Hearing, waived, or settled are hereby overruled on the merits and denied with prejudice. This Fourth Interim Order shall become effective immediately upon its entry.

B. <u>Jurisdiction and Venue</u>. The Court has jurisdiction of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A) and (M). Venue of the Chapter 11 Cases and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. <u>Necessity of Relief Requested</u>. Good cause has been shown for the entry of this Fourth Interim Order. The Debtors have an immediate need to use Cash Collateral for working capital in order to pay ordinary course obligations such as those to vendors, utilities, taxing authorities, insurance, and to pay for necessary ordinary course property maintenance and projects. Without the ability to use Cash Collateral as provided by this Fourth Interim Order, the Debtors and their Estates would suffer immediate and irreparable harm, and the relief granted by this Fourth Interim Order is necessary to avoid such harm. The terms for the use of Cash Collateral pursuant to this Fourth Interim Order are fair and reasonable and reflect the Debtors' exercise of prudent

---

[6] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

business judgment consistent with their fiduciary duties. The Debtors have requested entry of this Fourth Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and (d). The use of Cash Collateral in accordance with this Fourth Interim Order is therefore in the best interests of the Debtors and their Estates, their creditors, and other parties in interest.

D. <u>Use of Cash Collateral</u>. All Cash Collateral may be used as and to the extent set forth in this Fourth Interim Order, and subject to the terms of this Fourth Interim Order, in accordance with the Budgets for general operating, corporate, and working capital purposes of the Debtors as well as the costs of administering these Chapter 11 Cases.

E. <u>Adequate Protection of Real Property Lenders</u>. The Real Property Lenders shall be entitled, pursuant to sections 361 and 363 of the Bankruptcy Code, to adequate protection, as and to the extent set forth in this Fourth Interim Order, for the diminution in the value, if any, of their respective interests in the Estates' interests in the Prepetition Collateral as of the Petition Date resulting from the use, sale, or lease by the Debtors of the Prepetition Collateral (including the use of any Cash Collateral).

Based upon the foregoing findings and conclusions, the Motion and the record before this Court with respect to the Motion, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. <u>Motion Granted</u>. The Motion is GRANTED on a fourth interim basis, and the Debtors' use of Cash Collateral is authorized on a fourth interim basis, in accordance with the terms and conditions set forth in this Fourth Interim Order.

2. <u>Objections to Entry of Fourth Interim Order Overruled</u>. All objections to the entry of this Fourth Interim Order, to the extent not withdrawn, adjourned to the Final Hearing, waived, or resolved, are hereby denied and overruled.

3. <u>Authorization to Use Cash Collateral</u>.  Subject to the terms and conditions of this Fourth Interim Order, the Debtors are authorized to use the Cash Collateral during the period between entry of the Fourth Interim Order and June 10, 2025 (the "<u>Fourth Interim Period</u>") through and including the occurrence of the Termination Date (defined below).  The Debtors shall use the Prepetition Collateral, including all Cash Collateral, solely to the extent consistent with the Budgets, which are attached hereto as **Exhibit 1**, in an amount that would not cause the Debtors to use Cash Collateral for operating disbursements and capital expenditures in an aggregate cumulative amount greater than 25% of the operating disbursements and capital expenditures, taken together, for each week in the Budgets, with the exception of the cost of insurance; *provided*, that the Debtors shall consult with counsel to Mohammad Honarkar and 4G Wireless, Inc. (collectively, the "<u>Honarkar Parties</u>") regarding any changes to or modifications to the Budgets and regarding any new, further, or additional budgets.  Notwithstanding the foregoing, during the Fourth Interim Period, the Debtors shall only use the Cash Collateral of each Real Property Lender to pay for expenses of the respective Debtor for which each Real Property Lender has an interest and shall not use Cash Collateral from one Debtor to pay for expenses of other Debtors; *provided*, *however*, that the Debtors' agreement to limit use of Cash Collateral of the Real Property Lenders for properties in which they have an interest shall only survive during the Fourth Interim Period, is solely for purposes of this Fourth Interim Order, and the Debtors reserve all rights to use Cash Collateral on a consolidated basis to the extent it is later approved by the Court.  For the avoidance of doubt, no payments shall be made to the Continuum Parties (as the term is defined in the *Motion of Mohammad Honarkar and 4G Wireless, Inc. for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)* [Docket No. 29]) from any cash collateral, whether directly or indirectly.

4. <u>Carve-Out</u>.  Notwithstanding anything to the contrary in this Fourth Interim Order, the Debtors' obligations to the Real Property Lenders, and the liens and security interests granted by this Fourth Interim Order or under the Prepetition Loans, and the payment of all such obligations, shall be subject and subordinate in all respects to payment of the following fees and expenses: (i) all unpaid fees required to be paid to the Clerk of the Court or statutory fees payable to the U.S. Trustee under 28 U.S.C. § 1930, with interest at the statutory rate pursuant to 31 U.S.C. § 3717, which shall not be limited by any Budget; and (ii) all reasonable fees and expenses up to $25,000 incurred by a trustee under Bankruptcy Code section 726(b) (the foregoing clauses (i) and (ii), collectively, the "<u>Carve-Out</u>").

5. <u>Adequate Protection Liens</u>.  Pursuant to 11 U.S.C. § 552, to the extent of any diminution in the value of any Real Property Lender's Prepetition Collateral, the Real Property Lenders are granted replacement liens on, and security interests in, all existing and hereinafter acquired property and assets of each specific Debtor counterparty (on a loan-by-loan basis) to such Real Property Lender, of every kind and character, to the extent and in the same validity, priority, and enforceability that such Real Property Lender held of such Debtor as of the commencement of the Chapter 11 Cases, including without limitation such Debtor's Cash Collateral (the "<u>Adequate Protection Liens</u>").  For the avoidance of doubt, the Adequate Protection Liens shall not effect any cross-collateralization in favor of any Real Property Lenders unless and only to the extent that such Real Property Lender held a loan that was cross-collateralized as of the Petition Date; *provided that* the Adequate Protection Liens shall be subject and subordinate to the Carve-Out.

6. <u>Modification of Automatic Stay</u>.  The automatic stay under Bankruptcy Code section 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this

Fourth Interim Order, including, without limitation, to permit the Debtors to grant the Adequate Protection Liens and to permit the Debtors to perform such acts as may be requested to assure the perfection and priority of the Adequate Protection Liens.

7. <u>Perfection of Adequate Protection Liens</u>. This Fourth Interim Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the security interests and liens granted under this Fourth Interim Order, without the necessity of filing or recording any mortgage, financing statement, or other instrument or document which may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable non-bankruptcy law) the security interests and liens granted herein, or to entitle the Real Property Lenders to the priorities granted herein. Notwithstanding the foregoing, the Real Property Lenders may file such financing statements, mortgages, deeds of trust, notices of lien, or similar instruments, or otherwise confirm perfection of such liens, security interests, and mortgages without seeking modification of the automatic stay under section 362 of the Bankruptcy Code and all such documents shall be deemed to have been filed or recorded at the time of and on the Petition Date.

8. <u>Termination Date</u>. The Debtors' right to use Cash Collateral of any Real Property Lender under this Fourth Interim Order shall terminate on the earlier to occur of the following (a "<u>Termination Date</u>"): (x) 11:59 p.m. ET at the expiration of the Fourth Interim Period unless (i) a further Interim Order or Final Order granting the relief requested in the Motion is entered by the Court extending the Debtors' right to use Cash Collateral as to that Real Property Lender, or (ii) the Debtors and such Real Property Lender agree in writing to extend the Debtors' right to use Cash Collateral; and (y) the date upon which the Court issues an order following notice and a hearing providing for the termination of the further use of Cash Collateral due to the failure by the Debtors

to comply with the material terms, covenants, or conditions of this Fourth Interim Order or otherwise.

9. <u>Immediate Effect</u>.  This Fourth Interim Order shall constitute findings of fact and conclusions of law and shall be effective as of the date of its entry.  Notwithstanding Bankruptcy Rules 6004(h) or any other Bankruptcy Rule, this Fourth Interim Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of execution or effectiveness of this Fourth Interim Order.

10. <u>Miscellaneous</u>.

    (a) <u>Retention of Jurisdiction</u>.  The Court has and will retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement this Fourth Interim Order according to its terms.

    (b) <u>Debtor Authorization to Effectuate Relief</u>.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Fourth Interim Order.

11. <u>Final Hearing</u>.  The Final Hearing on the Motion (or further interim hearing as the case may be) shall occur before the Court on **June 10, 2025 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 1, Wilmington, Delaware 19801.

12. <u>Objections</u>.  The Debtors shall serve copies of this Fourth Interim Order.  Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections by not later than **June 3, 2025 at 4:00 p.m. (Prevailing Eastern Time)**.

Dated: May 13th, 2025  
Wilmington, Delaware

**BRENDAN L. SHANNON**  
**UNITED STATES BANKRUPTCY JUDGE**